## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **CAROL DAVIS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Docket No. 04-143-P-DMC** |
| | ) | **REDACTED VERSION** |
| **CUMBERLAND COUNTY,** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM DECISION ON MOTIONS IN LIMINE[1]

The plaintiff and defendant have each filed a motion *in limine* with respect to evidentiary issues in this case. Trial is scheduled to begin on January 17, 2006. The plaintiff seeks an order "that no restrictions be placed on the use at trial of documents that were deemed confidential during discovery pursuant to the parties' Consent Confidentiality Order." Plaintiff's Motion *In Limine* Regarding Use at Trial of Documents Deemed Confidential During Discovery, etc. ("Plaintiff's Motion") (Docket No. 75) at 1. The defendant seeks the exclusion from evidence of twelve specific documents, copies of certain checks and any evidence concerning a specific subject. Defendant's Motion *In Limine* ("Defendant's Motion")[2] (Docket No. 76) at 1-2. I deny the plaintiff's motion and grant the defendant's motion in part.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings in this case, including trial, and to order the entry of judgment.
[2] Unless stated otherwise, all references to this document will be to the sealed version.

**Plaintiff's Motion**

The plaintiff seeks an order to the effect "that no special procedures are necessary to maintain the confidentiality of documents previously produced under the provisions of the Confidentiality Order, and that all documents may be used as trial exhibits and published to the jury without restriction at trial." Plaintiff's Motion at 8. The parties entered into a consent confidentiality order which was adopted by the court. Consent Confidentiality Order ("Confidentiality Order") (Docket No. 16). The specific documents at issue are not separately identified by the plaintiff, nor have copies been provided to the court. The plaintiff correctly cites *Green v. Fulton*, 157 F.R.D. 136, 140 (D. Me. 1994), for the proposition that neither 30-A M.R.S.A. § 503 nor 30-A M.R.S.A. § 2702 prohibits disclosure of documents subject to its terms when disclosure is required by a court, Plaintiff's Motion at 3. This does not mean, however, as the plaintiff would have it, that all such documents are therefore admissible at trial and, if admissible, should be "published to the jury without restriction." In addition, it is impossible to tell from the plaintiff's submission whether all of the documents identified as confidential by the defendant under the terms of the Confidentiality Order are also within the scope of the two cited statutes.[3] The order by its terms extends to documents containing "information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information." Confidentiality Order ¶ 3. Material within the scope of the Confidentiality Order but not within the scope of the cited statutes would not be subject to the holding of *Green v. Fulton*. Nor does that decision address the manner in which documents within the purview of the statutes are to be handled during trial.

---

[3] The defendant expands the list of relevant statutes to include 5 M.R.S.A. § 7070, "to the extent that Thibeault and Dassatti are state employees." Defendant's Objection to Plaintif[f]'s Motion in Limine Regarding Use at Trial of Documents Deemed Confidential During Discovery ("Defendant's Opposition") (Docket No. 78) at 3 & n.2. My analysis does not differ to the extent that this statute, which is very similar to 30-A M.R.S.A. §§ 503 and 2702, is applicable to this case.

The plaintiff argues that the defendant has "waived its claim to confidentiality" by failing to "identify the issue, not the information" in its pretrial memorandum as required by the Confidentiality Order and by referring to some of the documents in support of its motion for summary judgment. Plaintiff's Motion at 6-7. The latter contention lacks merit. The defendant responds that whenever counsel for the defendant referred to material that had been designated confidential in the course of the summary judgment proceedings, such material was mentioned in general terms only. Defendant's Opposition at 6. Despite the opportunity to do so, the plaintiff does not respond to this assertion in her reply. Plaintiff's Reply Memorandum in Support of Her Motion *In Limine*, etc. ("Plaintiff's Reply") (Docket No. 84). I do not recall any suggestion during the summary judgment proceeding that the defendant had relied on information which it had deemed confidential in its public submissions. The plaintiff offers no evidence that the defendant has failed at any time to comply with the terms of Paragraph 7 of the Confidentiality Order, which requires a party using such material to file both a confidential version and a redacted public version of pleadings which incorporate the contents of any document designated confidential under the order. Given that the defendant has proposed a procedure for the restricted use of such documents during trial, Defendant's Opposition at 3, the mere fact that the defendant has listed some documents so designated as trial exhibits in its final pre-trial memorandum cannot reasonably be construed as a waiver of that confidentiality.

The defendant does not respond directly to the plaintiff's assertion that it has waived any claim to confidentiality of any designated documents by failing to "identify the issue, not the information" in its pretrial memorandum. This is presumably a reference to Paragraph 11 of the Confidentiality Order, which provides in relevant part that "[a] party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in the pretrial

memorandum." Confidentiality Order ¶ 11. The defendant's final pretrial memorandum does not mention the Confidentiality Order or the existence of confidential documents. Defendant's Final Pre-Trial Memorandum (Docket No. 70). The plaintiff's final pretrial memorandum does mention the issue. Plaintiff's Pretrial Memorandum (Docket No. 71) at 4. The Confidentiality Order does not address the effect of any failure to comply with the procedures it imposes. In this case, particularly given the discussion of the anticipated use of such material which took place during the final pretrial conference, no confidential material has been released and no harm has been done to the plaintiff. I decline to find a waiver under these circumstances.

The plaintiff also contends that the documents it received in discovery from the attorney appointed by the defendant to investigate the plaintiff's complaints are not within the protection of either statute. Plaintiff's Motion at 5-6. The defendant asserts that the investigator's notes "clearly contain the type of subject matter contemplated by 30-A M.R.S.A. § 503(1)(B)(5)" and 30-A M.R.S.A. § 503(2)(A), despite the fact that they "were initially only in the possession of" the independent investigator. Defendant's Opposition at 4. The defendant admits that it came into possession of these documents only in connection with the deposition of the investigator, at which time the defendant designated them as confidential under the order. *Id.* I disagree with the defendant that such documents are within the scope of section 503(1)(B)(5), which applies by its terms to arbitration and a neutral arbitrator, or section 503(2)(A), which provides an opportunity for an employee to review his or her personnel file. The definition of a personnel file found at section 503(2)(A) is limited to "the purposes of this subsection," that is, subsection 2, which is unrelated to the confidentiality provisions of subsection 1. However, the Confidentiality Order is not limited by its terms to documents which are subject to section 503. The order allows a party to designate as confidential any document within the definition provided in paragraph 3. Confidentiality Order ¶¶ 2-

3.  If the plaintiff disagreed with the defendant's designation, the order provides that she must challenge the designation within 30 days of the receipt of such a designation.  *Id*. ¶ 9(a).  She has not submitted any evidence that she did so.  The only issue before the court with respect to these documents, therefore, is the same as that presented with respect to the designated documents which are within the purview of the cited statutes: how they are to be treated at trial.

Finally, the plaintiff challenges the procedure for trial proposed by the defendant as "unduly cumbersome."  Plaintiff's Motion at 7.  The plaintiff describes the proposal as follows:

> (1) alerting the Court before using any document deemed confidential;
> (2) using the document in a manner that avoids exposing protected information; and (3) telling jurors that they cannot discuss the contents of any such document other than in deliberations.

*Id*.  It is not clear from the parties' submissions exactly what the "protected information" is and whether it varies from document to document.  The plaintiff contends that it would be "far simpler" to redact personal identifiers from the documents.  It may well be that such an approach would be simpler, if indeed it is only personally identifiable information that the defendant considers to be "protected information."  It simply is not possible to tell from the parties' submissions.  I note that I do not agree with the plaintiff's contention, *id*., that her inability to use electronic presenters in connection with such documents during trial would make her presentation of her case unduly cumbersome or complicated.  Nor can I accept, on the showing made, the plaintiff's assertion that the defendant's position "affords . . . special protections" "only [to] those documents that contradict its position." Plaintiff's Reply at 5.

If indeed the defendant seeks only to preserve as confidential information in the subject documents that identifies particular individuals and which may easily be redacted from those documents, I expect that counsel for the parties will meet before trial and make a good-faith attempt to achieve such redactions, bringing to my attention no later than January 12, 2006 any remaining

document-specific disputes of this nature.  If the defendant seeks to preserve as confidential other information in specific documents, I expect that a document-specific itemization of such disputed passages will be presented by counsel to the court no later than January 12, 2006 so that I may resolve the question of how such material is to be presented at trial, if it is otherwise admissible.

The plaintiff's motion is denied.

## Defendant's Motion

The defendant seeks the exclusion from evidence at trial of twelve specific documents (copies of which are attached to its motion), copies of checks and certain testimonial evidence that has been designated by the defendant as confidential.  Defendant's Motion at 1-2.  The plaintiff opposes all of the defendant's requests.  Plaintiff's Opposition to Defendant's *Motion In Limine* ("Plaintiff's Opposition")[4] (Docket No. 80).  To provide the necessary context for resolution of this motion, on an item-by-item basis, it is important to note the limited nature of the issues remaining for trial in this case.  My  recommended decision on the defendant's motion for summary judgment, which was subsequently adopted by the court, Docket No. 65, identifies only two issues remaining for trial: (1) whether the defendant knew or should have known of sexually harassing actions by its non-supervisory employees that created a hostile work environment for the plaintiff and failed to take prompt and appropriate remedial action and (2) whether the defendant retaliated against the plaintiff for complaining of sexual harassment by refusing to allow her to use her sick time to address work-related stress or by creating a gender-based hostile work environment, and whether either of these was an adverse employment action.[5]  Recommended Decision on Defendant's Motion for Summary Judgment ("Recommended Decision") (Docket No. 52) at 25-26 & n.15, 29.

---

[4] Unless stated otherwise, all references to this document shall be to the sealed version.
[5] On January 4, 2006 counsel for the plaintiff electronically filed a letter to one of the court's case managers asserting that statements made in the defendant's reply memorandum in support of its motion "are at the very least misleading" in their characterization of the
(*continued on next page*)

*Exhibit A*

The first of the documents which the defendant seeks to exclude is a Merit Evaluation Ratings Form and a Performance Appraisal of the plaintiff by [**REDACTED**].  Defendant's Motion, Exh. A. The defendant contends that this and other "documents relating to Carol Davis' employment performance" are not relevant to the remaining claims.  Defendant's Motion at 4.  It points out that it "has never argued that any action that it took with respect to the Plaintiff . . . was a result of the Plaintiff's work performance" and that the plaintiff "has never suggested that her performance evaluations were impacted subsequent to her report of alleged sexual harassment."  *Id*. at 5.  The plaintiff responds that specific entries in these documents are "relevant to Defendant's perception of Plaintiff's judgment" and that the absence in these documents of claims by unspecified "supervisory attorneys" that [**REDACTED**] "tend[s] to disprove" such contentions.  Plaintiff's Opposition at 3. The defendant's view of the plaintiff's judgment with respect to her work performance will not be at issue at trial.  Unless and until the plaintiff offers evidence that [**REDACTED**] were made by specific employees who supervised the plaintiff and that such remarks were usually or routinely included in written appraisals of the performance of employees in the Cumberland County District Attorney's Office, the plaintiff's second contention is too attenuated and speculative to allow the admission of these documents.  The motion is granted as to Exhibit A.

---

issues remaining for trial and requesting a conference to resolve the issue.  Letter dated January 4, 2006 from Barbara L. Goodwin to Susan Hall (Docket No. 100) at 1-2.  Inasmuch as my ruling on the defendant's motion is based on my recommended decision on the defendant's motion for summary judgment, including the indication therein as to what claims remain for trial, and not on the parties' possibly differing perceptions, I consider it unnecessary to convene a conference before issuing this decision.  I also take this occasion to note that it appears from the attachments to Docket No. 100 that counsel for the plaintiff may be operating under the misconception that, as a result of the earlier summary judgment practice, the plaintiff has been relieved of her burden of proving some of the elements of the claims remaining for trial.  That is not the case, except, of course, to the extent the defendant may stipulate otherwise.  It remains the plaintiff's burden to prove each and every element of the claims remaining for trial.

*Exhibit B*

The next document that is subject to the defendant's motion is a Performance Appraisal of the plaintiff [**REDACTED**].  The defendant makes the same argument with respect to this document that it made with respect to  Exhibit A.  Defendant's Motion at 5.  The plaintiff responds that this document "is relevant to show that Plaintiff believed Dassatti to be in a position of authority over her." Plaintiff's Opposition at 3-4.  She asserts that "Plaintiff's perception that Dassatti had control over her, and over her continued employment, is critical to understanding the nature of the harassment Plaintiff experienced and how she responded to it."  *Id.*  I do not see how the plaintiff's perception of Dassatti's authority or how she responded to the alleged harassment is relevant to either of the two issues remaining for trial.  Even if these considerations were relevant, the plaintiff refers to her responses set forth in the addendum to Exhibit B as showing that the plaintiff "knew" that the criticism of her performance came from Dassatti, because she stated in her response that "she discussed specifics with Dassatti, using the pronoun 'he' when referring to the attorney who raised the issues with her."  *Id*. at 3.  The response does use the pronoun "he" in referring to one incident with "an attorney in our office," Exh. B to Defendant's Motion at [7], but it also uses the pronoun "she" when referring to "my supervisor," *id*. at [8].  The document cannot reasonably be construed to support the proposition for which the plaintiff avers that it is offered.  The motion is granted as to Exhibit B.

*Exhibit C*

The  defendant  seeks  exclusion  of  this  document,  a  memorandum  to  the  plaintiff [**REDACTED**],  Defendant's Motion, Exh. C, on the same grounds given in support of the motion as to Exhibit A.  Defendant's Motion at 5.  The plaintiff asserts that "this exhibit reinforces Plaintiff's belief that Dassatti was her supervisor [**REDACTED**]."  Plaintiff's Opposition at 5.  Again, the plaintiff's

belief about Dassatti's status is not relevant to the issues to be resolved at trial. The plaintiff's second assertion is not supported by the document itself; [**REDACTED**]. The motion is granted as to Exhibit C.

*Exhibit D*

The next document challenged by the defendant is a Performance Appraisal of the plaintiff [**REDACTED**]. Defendant's Motion, Exh. D. The defendant makes the same argument with respect to this document that it made with respect to Exhibit A. Defendant's Motion at 5. The plaintiff contends that the document includes [**REDACTED**]. Plaintiff's Opposition at 5. The defendant responds that it has never taken the position that [**REDACTED**]. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion In Limine ("Defendant's Reply")[6] (Docket No. 86) at 3. It apparently also does not intend to assert as a defense that [**REDACTED**]. *Id*. Since the defendant is not taking the position that the remarks were not made, does not intend to assert as a defense that the remarks were valid descriptions of the plaintiff that justified rejecting her claims of harassment and does not intend to assert as a defense that it was justified in ignoring her claims [**REDACTED**], the plaintiff's proffered basis for admission of the document is without support. The defendant's motion is granted as to Exhibit D.

*Exhibit E*

Exhibit E is a Merit Evaluation Ratings Form and a Performance Appraisal [**REDACTED**] of the plaintiff [**REDACTED**]. Defendant's Motion, Exhibit E. The defendant again makes the argument it made with respect to Exhibit A. Defendant's Motion at 5. The plaintiff asserts that the positive statements about her performance in these documents "call[] into question both the conclusion reached by Defendant's investigation and the premise on which it was based." Plaintiff's Opposition at 6. The

plaintiff does not further identify the premise on which she contends the defendant's investigation of

her claims was based.  In the absence of any such specificity, she has not provided enough information

to allow me to determine that the documents are relevant and admissible for this reason.  I fail to see

how the positive remarks from this document cited by the plaintiff are necessarily inconsistent with

Kennedy's conclusion that the plaintiff's harassment complaints were unsubstantiated.  The plaintiff

also contends that [**REDACTED**].  *Id*.  Unless and until evidence concerning the content of the

investigator's report and the weight, if any, given by the investigator to such statements

[**REDACTED**], if they occurred, are before the court, I cannot determine whether the one page of the

performance appraisal on which this statement appears, Exh. E at [4], is relevant or not unduly

duplicative of identical testimony which I assume will be elicited from the plaintiff, [**REDACTED**]. I

accordingly reserve ruling on Exhibit E.

### *Exhibit F*

Exhibit F is a handwritten note [**REDACTED**].  Defendant's Motion, Exhibit F.  The

defendant offers the same argument which it made with respect to Exhibit A. Defendant's Motion at 5.

 The plaintiff asserts that this note [**REDACTED**].  Plaintiff's Opposition at 6-7.  Since the question

whether [**REDACTED**] will not be at issue at trial, nor will the question whether [**REDACTED**], the

relevance of this document has not been established.  The motion is granted as to Exhibit F.

### *Exhibit G*

Exhibit G is a document entitled Victim Interest Color Coding.  Defendant's Motion, Exh. G.

The defendant contends that this document "is not relevant to Plaintiff's claims for hostile work

environment sexual harassment or retaliation."  Defendant's Motion (public version) at 7-8.  The

plaintiff responds that "[a]fter Plaintiff complained about the harassment she was experiencing,

---

[6] Unless stated otherwise, all references to this document shall be to the sealed version.

Baither removed Plaintiff's photos and other items she had hanging in her cubicle, and replaced them with this poster.  Plaintiff mentioned this as an instance of retaliation when she spoke with Judy Klein-Golden and Brian Morrison as part of their investigation of her complaint about Baither's comment[.]"  Plaintiff's Opposition (public version) at 7.  She goes on to assert that the exhibit "illustrates Plaintiff's testimony[] and provides confirmation of the incidents she reported."  *Id*.  First, I note that the exhibit tends to confirm, at most, only one incident that the plaintiff states she reported.  As the defendant notes in reply, Defendant's Reply (public version) at 4, to the extent that this exhibit is offered as evidence of retaliation it is not relevant to the alleged retaliation involving the restriction of the plaintiff's use of her sick time.  Nor does the document "confirm" any of the plaintiff's reports to investigators; at most, it illustrates her testimony by showing what Baither allegedly placed in her cubicle.  Even if the investigators deny in their testimony that this "incident" was reported by the plaintiff, the exhibit itself provides no information making such a report more or less likely.  There is nothing inherently offensive in the document itself, making it irrelevant to a claim of retaliation through the creation of a hostile work environment.  The motion is granted as to Exhibit G.

*Exhibit H*

Exhibit H is composed of copies of checks written to Cheri Greable, apparently by the plaintiff.  Defendant's Motion, Exh. H.  The defendant contends that this document should be excluded because the plaintiff cannot claim these payments, assertedly for psychological treatment, as damages under the circumstances of this case.  Defendant's Motion (public version) at 8-9.  The plaintiff "concedes that she is not seeking reimbursement for the amounts she paid" to Greable, her therapist, but contends that the copies of the checks by which she paid Greable are nonetheless admissible because they "confirm the time frame during which Plaintiff was seeing Ms. Greable, and confirm

Plaintiff's anticipated testimony that the stress and distress she was experiencing because of the harassment in her workplace caused her to start seeing a therapist." Plaintiff's Opposition (public version) at 7. In its reply, the defendant concedes that "portions of this exhibit may become relevant" "[t]o the extent that the dates on which the Plaintiff saw Ms. Greable become[] an issue." Defendant's Reply (public version) at 5. For any other purpose, the checks are irrelevant; they do not and cannot "confirm" that the plaintiff was in fact suffering from stress and distress caused by the alleged workplace harassment or that the stress was sufficiently severe that she required sick time to deal with it. I reserve my ruling on Exhibit H only to the extent that it is offered to demonstrate dates on which the plaintiff was treated by Greable, should those dates be in dispute.

*Exhibit K*

The defendant contends that Exhibit K, an Attorney Performance Appraisal [**REDACTED**], Defendant's Motion, Exhibit K, should be excluded because it is "irrelevant for the same reasons that Plaintiff's performance evaluations are irrelevant," Defendant's Motion at 5. It asserts as well that this document contains no information probative of the elements of the plaintiff's remaining claims. *Id*. at 5-6. The plaintiff responds that [**REDACTED**]. Plaintiff's Opposition at 8. She asserts that [**REDACTED**]. *Id*. at 9. The defendant responds that it is only Kennedy's investigation of the plaintiff's claims that is at issue [**REDACTED**]. Defendant's Reply at 5-6, but my recommended decision cannot be read so narrowly. I do conclude, however, that the only specific portions of Exhibit K cited by the plaintiff cannot bear the evidentiary weight she seeks to place upon them. My conclusion, like all of my rulings on motions *in limine*, may be revisited at trial if it becomes appropriate, but, on the showing made, the motion is granted as to Exhibit K.

*Exhibit L*

Exhibit L is an Appraisal of Performance/Lawyers [**REDACTED**].  Defendant's Motion,
Exhibit L.  The defendant raise the same arguments with respect to this document as those it raised
with respect to Exhibit K.  The plaintiff contends that this document [**REDACTED**].  Plaintiff's
Opposition at 9.  The plaintiff offers [**REDACTED**].  *Id*.  That inference [**REDACTED**] cannot be
drawn from testimony [**REDACTED**].  The motion is granted as to Exhibit L.

*Exhibit M*

Exhibit M is [**REDACTED**].  Defendant's Motion, Exhibit M.  The defendant contends that
this document "bears no relation whatsoever to the question of whether the Plaintiff was subjected to a
hostile work environment or whether she was retaliated against."  Defendant's Motion at 6.  The
plaintiff responds that [**REDACTED**] she will need the exhibit to refresh the person's recollection
should [**REDACTED**] testify at trial.  Plaintiff's Opposition at 10 & n.5.  She goes on to contend that
the document [**REDACTED**].  *Id*. at 10-11.  However, the e-mail cannot be read to [**REDACTED**].
Only the contention that the document may be needed to refresh a witness's recollection appears to
have merit; I will reserve my ruling on such a use of the document until the time when the plaintiff
wishes to use it, at which point I expect counsel for the plaintiff to approach sidebar.  The defendant's
motion is granted as to all other possible uses of the document listed by the plaintiff.

*Exhibit N*

The defendant contends that Exhibit N, [**REDACTED**,] Defendant's Motion, Exh. N, should be
excluded because it will only be offered to show that the defendant, rather than the State of Maine, was
[**REDACTED**] employer, an assertion which the defendant contends is contrary to Maine law,

Defendant's Motion at 8.[7]  The plaintiff responds that she will not attempt to introduce evidence about

the "employment status" of  [**REDACTED**] attorneys working in the DA's Office" if the defendant

"will stipulate that it is liable for the acts of" all of those attorneys.  Plaintiff's Opposition at 12.  The

defendant responds that this issue is foreclosed by the determination in my recommended decision that

[**REDACTED**] was a supervisory employee of the State of Maine and that "such a stipulation would

be irrelevant because it does not address either of the two narrow issues remaining for trial."

Defendant's Reply at 7.  It should be obvious to counsel that I cannot rule on the admissibility of a

document that I have not even seen.  That being said, I did not determine as a matter of fact or law in

my recommended decision on the motion for summary judgment that [**REDACTED**] was a supervisory

employee of the State of Maine; I determined only that, for the purposes of the motion, the parties did

not dispute that [**REDACTED**] was a supervisory employee of the State of Maine.  Recommended

Decision at 4. That is not a "finding" that carries over into trial.  Even so, I do not see how the

question whether [**REDACTED**] was an employee of the defendant or an employee of the state — a

question that might be resolved as a matter of law, *see* 30-A M.R.S.A. § 256 — has any bearing on the

questions whether the defendant knew or should have known of sexually harassing actions by its non-

supervisory employees and failed to take prompt and appropriate remedial action and whether it

retaliated against the plaintiff by refusing to allow her to use her sick time to address work-related

stress, the only issues remaining for trial.  In any event, I will reserve ruling on the intended version of

Exhibit N, an exhibit which I have not yet seen.

---

[7] Exhibit N to the defendant's motion does not mention [**REDACTED**] at all.  The plaintiff asserts that she has addressed the
defendant's argument "with regard to" "the document she believes Defendant is describing in its Motion."  Plaintiff's Opposition at 11.

*Exhibit P*

Exhibit P is [**REDACTED**].  Defendant's Motion, Exhibit P.  The defendant contends that this document "bears no relationship to the question of whether the Plaintiff suffered sexual harassment or whether she was retaliated against."  Defendant's Motion at 7-8.  The plaintiff responds that the document [**REDACTED**].  Plaintiff's Opposition at 12.  The document itself [**REDACTED**].  On the showing made, the defendant's motion is granted as to Exhibit P.

*Testimony About [**REDACTED**]*

**Conclusion**

For the foregoing reasons, the plaintiff's motion *in limine* (Docket No. 75) is **DENIED** and the defendant's motion *in limine* (Docket No. 76) is **GRANTED** as to the following exhibits attached to that motion: A-D, F-G, K-L and P.  My ruling is reserved as to Exhibits E, H, M and N for the reasons stated; counsel are reminded that I have set limits on the possible use of these documents, which should be treated accordingly at trial.  The defendant's motion is also **GRANTED** as to [**REDACTED**].

Dated this 5th day of January 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

15